# Third District Court of Appeal
## State of Florida

Opinion filed August 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1661
Lower Tribunal No. 23-2696-CA-01
_____

**Natalia Carolinni Souza de Sa**,
Appellant,

vs.

**Star Blue Corporation**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Natalia Carolinni Souza de Sa, in proper person.

Fowler White Burnett, P.A., and Esther E. Galicia, for appellee.

Before GORDO, LOBREE and GOODEN, JJ.

PER CURIAM.

Affirmed. See Rusniaczek v. Tableau Fine Art Group, Inc., 139 So. 3d 355, 357–58 (Fla. 3d DCA 2014) ("In order to warrant an evidentiary hearing,

a rule 1.540(b)(3) motion must specify the essential facts of the purported fraud and not merely assert legal conclusions. The purpose of this specificity requirement is to permit the court to determine whether the movant has made a prima facie showing which would justify relief from judgment, and is not merely rehashing matters explored at trial.") (citations omitted); Hembd v. Dauria, 859 So. 2d 1238, 1240 (Fla. 4th DCA 2003) ("To obtain a hearing on her rule 1.540(b)(3) motion, the law required Hembd to demonstrate a prima facie case of fraud, not just nibble at the edges of the concept."); see also Sierra by Sierra v. Pub. Health Tr. of Dade Cnty., 661 So. 2d 1296, 1298 (Fla. 3d DCA 1995) ("An appellate court is reactive; it can only review asserted errors made by lower tribunals such as courts and administrative agencies. Appellate courts may not decide issues that were not ruled on by a trial court in the first instance.").